1
2
3                    **UNITED STATES DISTRICT COURT**
4                          **DISTRICT OF NEVADA**
5                                  * * *

6  THOMAS W. CURTIS,                    Case No. 2:20-cv-02090-APG-DJA
7           Plaintiff,
                                        **ORDER AND**
8       v.                              **REPORT AND RECOMMENDATION**
9  HOME DEPOT,
10          Defendant.
11

12    This matter is before the Court on Plaintiff's Motion/Application to Proceed In Forma Pauperis (ECF No. 1) with a complaint, filed on November 19, 2020. Plaintiff also filed a Second Application (ECF No. 4) along with an amended complaint, on December 11, 2020.

   Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis and submitted a complaint along with the application. The Court finds that Plaintiff's first application is incomplete. Plaintiff only attaches a handwritten cover page rather than the Court's proper form. The Court will deny his first application.

   As to his second application, Plaintiff indicates that he is incarcerated at the Lakes Crossing facility, which is a maximum security psychiatric facility. He also indicates that his income is $35.00 per week with no expenses. The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be absolutely destitute to qualify for a waiver of costs and fees; nonetheless, he must demonstrate that because of his poverty he cannot pay those costs and still provide herself with the necessities of life. *See Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir.

1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. *See, e.g., Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). If the court determines that an individual's allegation of poverty is untrue, "it shall dismiss the case." 28 U.S.C. § 1915(e)(2). Here, the Court finds that Plaintiff does not qualify for IFP status as his income exceeds his expenses. The Court will recommend that his second application be denied.

Further, Plaintiff proposed amended complaint is deficient as it fails to state a cognizable claim. 18 U.S.C. § 1915(d) gives the court the power to dismiss "claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Plaintiff claims that he was subject to an assault and kidnapping in Home Depot on November 10, 2018. These are criminal claims that he cannot bring by himself. Further, the statute of limitations is two years for a false arrest claim, which would have expired prior to the commencement of this action given that Plaintiff appears to allege the incident occurred on November 10, 2018. Additionally, Plaintiff inconsistently includes November 20, 2020 as the date in which the incident may have occurred. However, this is contradicted by his patient account statement attached to his IFP application, which shows that he has been held in the Lakes Crossing Center, a maximum security psychiatric facility since at least October 13, 2020. As such, the Court cannot decipher any logical set of facts in his submission, or any rights that may have been violated. As such, the Court therefore concludes that this case is frivolous because it lacks an arguable basis in law and fact. *See Neitzke*, 490 U.S. at 325. As Plaintiff's complaint is factually frivolous and does not set forth a plausible claim, it should be dismissed without leave to amend as it is apparent that amendment is futile.

Based on the foregoing and good cause appearing therefore,

**ORDER**

IT IS HEREBY ORDERED that Plaintiff's Motion/Application to Proceed In Forma Pauperis (ECF No. 1) is **denied** as incomplete.

## RECOMMENDATION

IT IS HEREBY RECOMMENDED that Plaintiff's Second Motion/Application to Proceed In Forma Pauperis (ECF No. 4) be **denied**.

IT IS FURTHER RECOMMENDED that this case be **dismissed**.

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: December 17, 2020

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE